# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TAMARRA LAMISERE,

    **Plaintiff,**

v.

MIDLAND CREDIT MANAGEMENT, INC.,

    **Defendant.**

                                       /

CASE NO. 8:21-cv-00022

JURY TRIAL DEMANDED

## **COMPLAINT**

NOW comes TAMARRA LAMISERE ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing within the Middle District of Florida.

5. Defendant is a collection company that claims to, "specialize in servicing accounts that have fallen behind and have been charged off by the lender."[1] Defendant is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempt to collect upon an outstanding consumer debt ("subject debt") that Plaintiff's mother allegedly owed to CitiBank.

8. Plaintiff's mother used her CitiBank credit card to finance the purchase of various household and personal items.

9. Upon information and belief, after Plaintiff's mother purported default, the subject debt was charged off by CitiBank and eventually sold to Defendant for collection purposes.

10. In an attempt to collect the subject debt, Defendant placed several collection calls to Plaintiff's mother.

---

[1] https://www.midlandcredit.com/who-is-mcm/

11. Plaintiff's mother became worried and alarmed by Defendant's collection calls and requested that Defendant contact Plaintiff.

12. After Plaintiff's mother provided Defendant with Plaintiff's contact information, without Plaintiff's consent, Defendant began placing calls to Plaintiff's cellular phone number, (845) XXX-7356.

13. Defendant has used several phone numbers when placing collection calls to Plaintiff's cellular phone, including but not limited to: (844) 725-5640 and (844) 722-6586.

14. Immediately after Defendant's calls to Plaintiff began, Plaintiff demanded that Defendant cease contacting her, as she has no association with the subject debt.

15. Despite Plaintiff's demand, Defendant continued to call Plaintiff's cellular phone regarding the subject debt.

16. Defendant willfully ignored Plaintiff's pleas and continued placing phone calls to Plaintiff's cellular phone.

17. Plaintiff has received several phone calls from Defendant since asking it to stop calling.

18. Annoyed by Defendant's unconsented calls, Plaintiff attempted to resolve the subject debt for her mother.

19. Plaintiff spent nearly an hour of her time speaking to Defendant in order to reach a resolution for her mother.

20. Plaintiff's effort and time were futile as Defendant refused to resolve the subject debt for a total that Plaintiff's mother would be able to afford.

21. Additionally, Defendant falsely stated to Plaintiff that it received an address in Florida from Citibank in relation to Plaintiff's mother; however, the address provided could not have been provided to Defendant from Citibank as an address associated with Plaintiff's mother in Florida.

22. Upon information and belief, Defendant falsely represented the source of the information at its disposal in relation to its efforts to collect the subject debt in a deceptive and misleading attempt to represent to Plaintiff that Citibank was actively involved in Defendant's efforts to collect the subject debt, when in fact it was not.

23. As a result of Defendant's false representations, Plaintiff was falsely led to believe that Citibank provided Defendant with information that was instead collected through Defendant's own actions and in connection with its own, rather than Citibank's, efforts to collect the subject debt.

24. Upon information and belief, Defendant, as a frequent debt purchaser or entity working on behalf of debt purchasers, has concluded that its collection efforts increase in efficacy when they can obfuscate their role as an agent of a debt purchaser, instead making it seem as though they have some remaining connection to the original creditor of the debts serving as the basis of their collection efforts.

25. Frustrated and confused over Defendant's conduct, Plaintiff spoke with her undersigned attorney regarding her rights, resulting in exhausting time and resources.

26. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

27. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls for a debt that does not belong to her, wasted time, and emotional distress.

28. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and has further suffered a violation of her federally protected interests as a result of Defendant's conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff repeats and alleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

31. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

32. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

33. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a.  Violations of the FDCPA §1692c(a)(1) and §1692d**

34. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

35. Defendant violated §1692c(a)(1), d, and d(5) by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular about a debt that did not belong to her. Moreover, Defendant continued placing the relentless calls after Plaintiff demanded that Defendant cease contacting her.

36. Furthermore, Defendant caused Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of a debt not owed by her with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone without her consent and after she explicitly demanded Defendant's contacts stop.

37. Defendant was notified by Plaintiff that the calls were not welcome. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her, yet consciously chose to continue its harassment of Plaintiff.

### b. Violations of FDCPA § 1692e

38. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

40. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant repeatedly contacted Plaintiff without her consent. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff numerous times in a deceptive attempt to force her to answer its calls, even though the debt did not belong to her. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her when it never had consent to do so in the first place.

41. Furthermore, Defendant violated § 1692e and e(10) when it falsely stated that it received an address associated with Plaintiff's mother from Citibank, despite the fact such information was instead gathered directly by Defendant. Defendant engaged in this false and deceptive representation in an effort to obfuscate its role as an agent of a debt purchaser, in turn hoping to increase the efficacy of its collection efforts.

42. Defendant's actions only served to exacerbate the worry and confusion Plaintiff was already experiencing as a result of Defendant's false, deceptive, and misleading debt collection conduct.

### c. Violations of FDCPA § 1692f

43. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

44. Defendant violated §1692f when it unfairly and unconscionably contacted Plaintiff without her consent. Defendant repeatedly called Plaintiff, attempting to dragoon Plaintiff into answering calls concerning a debt she did not legally owe. By placing voluminous phone calls after becoming privy to the fact that Plaintiff does not consent to such calls is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

45. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the cellular phones of consumers that do not legally owe such debt.

46. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff TAMARRA LAMISERE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

47. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

48. Plaintiff is a "consumer" as defined by Florida Statutes §559.55(8).

49. Defendant is a "debt collector" as defined by Florida Statutes §559.55(7).

50. The subject debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

#### a. Violations of FCCPA § 559.72(8)

51. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

52. Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff after she demanded that it stop calling. Instead of abiding by Plaintiff's wishes, Defendant placed numerous calls to Plaintiff's cellular phone after she demanded that it cease calling her. This conduct was done in an effort to harass and annoy Plaintiff.

WHEREFORE, Plaintiff, TAMARRA LAMISERE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

    c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

    d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

    e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

    f. Enjoining Defendant from further contacting Plaintiff; and

    g. Award any other relief this Honorable Court deems equitable and just.

Dated: January 5, 2021

Respectfully Submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com